Steven D. Burt (#11522)
Daniel J.T. McKenna, *pro hac vice*
Jenny N. Perkins, *pro hac vice*
Robert T. Lieber, *pro hac vice*
J. Chesley Burruss, *pro hac vice*
BALLARD SPAHR LLP
One Utah Center, Suite 800
201 South Main Street
Salt Lake City, Utah 84111-2221
Telephone: 801.531.3000
Facsimile: 801.531.3001
burts@ballardspahr.com

*Attorneys for Defendant*
*Prog Services, Inc. d/b/a Money App*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **STERLING KELLY, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**PROG SERVICES, INC. d/b/a MONEY APP,**<br><br>**Defendant.** | **DEFENDANT'S MOTION FOR STAY OF DISCOVERY**<br><br>**Case No. 2:25-cv-01026-TS-DBP**<br><br>**Judge Ted Stewart**<br>**Magistrate Judge Dustin B. Pead** |

## TABLE OF CONTENTS

**Page**

INTRODUCTION AND REQUESTED RELIEF ............................................................................ 1

RELEVANT BACKGROUND ................................................................................................... 2

LEGAL STANDARD ............................................................................................................... 3

ARGUMENT .......................................................................................................................... 4

    A.    Plaintiff will not suffer any prejudice ..................................................................... 4

    B.    Forcing Money App to engage in discovery at this juncture will cause severe prejudice ................................................................................................................. 4

    C.    A stay is convenient for the Court .......................................................................... 5

    D.    Staying discovery will not impact non-parties ....................................................... 7

    E.    Staying discovery serves the public interest .......................................................... 8

CONCLUSION ....................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Broiler Chicken Grower Litig.*,
  2017 U.S. Dist. LEXIS 142069 (E.D. Okla. Sept. 1, 2017)............................................4, 5, 6, 7

*In re CenturyLink Sales Pracs. & Secs. Litig.*,
  2018 U.S. Dist. LEXIS 77426 (D. Minn. May 8, 2018)..........................................................5

*In re Church of Jesus Christ of Latter-Day Saints Tithing Litig.*,
  2024 U.S. Dist. LEXIS 178634 (D. Utah Sept. 30, 2024)......................................1, 3, 5, 7, 8

*Clinton v. Jones*, 520 U.S. 681 (1997)...............................................................................................3

*Cupat v. Palantir Techs., Inc.*,
  2023 U.S. Dist. LEXIS 47727 (D. Colo. Mar. 21, 2023) ........................................................7

*Dirtt Env't Sols., Inc. v. Henderson*,
  2021 U.S. Dist. LEXIS 159259 (D. Utah Aug. 23, 2021) .......................................................5

*Fucci v. Bowser*,
  2022 U.S. Dist. LEXIS 98680 (D. Utah June 1, 2022)............................................................6

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) .......................................................................................3

*Matria Healthcare, LLC v. Duthie*, 584 F. Supp. 2d 1078 (N.D. Ill. 2008) ...................................4

*Max Software, Inc. v. Comp. Assocs. Int'l*,
  364 F.Supp.2d 1233 (D. Colo. 2005).......................................................................................6

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*,
  357 F.Supp.2d 1277 (D. Colo. 2004).......................................................................................6

*Roadbuilders Mach. Supply Co. v. Sennebogen, Inc.*,
  2012 U.S. Dist. LEXIS 51905 (D. Kan. Apr. 13, 2012) ..........................................................6

*Shirk v. Gonzales*, 2018 U.S. Dist. LEXIS 250125 (D.N.M. Mar. 5, 2018)..................................6

*Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*,
  200 F.3d 795 (Fed. Cir. 1999)..................................................................................................3

*Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*,
  2019 U.S. Dist. LEXIS 33062 (D. Utah Feb. 28, 2019) ..........................................................7

*Waltrip v. Pilot Travel Ctrs. LLC*,
  2021 U.S. Dist. LEXIS 239175 (D.N.M. Dec. 14, 2021) ........................................................6

**Statutes**

Military Lending Act, 10 U.S.C. § 987, *et seq*. ..............................................................6

Truth in Lending Act, 16 U.S.C. § 1638, *et seq*. ............................................................6

**Other Authorities**

Fed. R. Civ. P. 26...............................................................................................................1

**INTRODUCTION AND REQUESTED RELIEF**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and this Court's authority to manage discovery, Defendant Prog Services, Inc. d/b/a Money App ("Money App") hereby seeks a stay of discovery pending resolution of its Motion to Compel Arbitration of Plaintiff's Individual Claims or, in the Alternative, to Enforce Class Action Waiver (the "Motion to Compel"). Dkt. No. 39.

As set forth in Money App's pending Motion to Compel, Plaintiff Sterling Kelly's ("Plaintiff") claims against Money App are subject to a binding Arbitration Agreement. *See* Motion to Compel at 9–17. As such, Money App seeks an order staying discovery in this action pending the Court's ruling on the Motion to Compel.

District courts in the Tenth Circuit consider five factors when ruling on such motions, and all five of these factors weigh in favor of staying discovery in this matter. *See In re Church of Jesus Christ of Latter-Day Saints Tithing Litig.*, 2024 U.S. Dist. LEXIS 178634, at *9 (D. Utah Sept. 30, 2024) (explaining five factors). First, a minor delay in discovery will cause Plaintiff little to no prejudice. Second, and on the other hand, forcing Money App to proceed with needless discovery in this Court when this matter is subject to binding arbitration will cause Money App extreme prejudice. Third, staying discovery will inure to the benefit, and convenience, of the Court by conserving resources and potentially allowing appeals courts to provide greater clarity on the issues central to this litigation. Fourth, staying discovery will not cause any prejudice to non-parties, and, fifth, the public interest is served by staying discovery and preventing this Court from expending unnecessary time and resources on a case that is not properly before it.

For the reasons above and discussed below, this Court should grant the instant motion and stay discovery pending resolution of the Motion to Compel.

## RELEVANT BACKGROUND

As set forth in the Motion to Compel, Plaintiff created an account for Money App's earned wage access ("EWA") product, Money App, on April 4, 2024. *See* Motion to Compel at 3–4. As part of creating that account, Plaintiff agreed to the Terms of Service ("TOS"). Motion to Compel., Ex. 3. The first sentence of the TOS identifies two core provisions of the agreement between the parties: (1) the Arbitration Provision and (2) the Class Action Waiver Provision:

> THIS USER AGREEMENT INCLUDES, AMONG OTHER THINGS, A BINDING ARBITRATION PROVISION AND A CLASS ACTION WAIVER. PLEASE REFER TO SECTION 22 BELOW FOR MORE INFORMATION.

*Id*. at p.1. Section 22 of the TOS provides that "any dispute between [Plaintiff] and Money App arising out of or relating to" the TOS or Plaintiff's use of the Money App website, mobile application, and the products and services "offered, operated, or made available" on them will be governed by the Arbitration Agreement. *Id*. §22; *see also* Motion to Compel, Ex. 4 (Arbitration Provision).

Money App removed this action to this Court on November 7, 2025. *See* Dkt. No. 1. This is one of at least three cases in which Plaintiff has challenged the lawfulness of EWA products. *See Sterling Kelly v. True Finance*, No. 25-cv-1284 (W.D. Tex.); *Kelly v. Hatfield, Inc.*, No. CGC-25-630145 (Cal. Super. Ct., Cnty. San Fran.).

On December 22, 2025, Money App filed its Answer to Class Action Complaint ("Answer"). *See* Dkt. No. 35. In the Answer, Money App included an affirmative defense based on Plaintiff being bound to arbitrate his claims pursuant to the parties' Arbitration Agreement. *See* Answer at p. 68. Money App has repeatedly and consistently maintained that this dispute is subject to arbitration.

The parties held their Attorney Planning Meeting on January 8 and 26, 2026. Because the parties could not agree on certain issues, including whether discovery should be stayed pending resolution of the Motion to Compel, they filed a Joint Motion for Scheduling Conference. *See* Dkt. No. 36. The Court filed its Order and Schedule Order on February 5, 2026, in which it denied Money App's request for a stay of discovery "at this time." Dkt. No. 38 at 2.

On April 17, 2026, Money App filed the Motion to Compel. Dkt. No. 39.

## LEGAL STANDARD

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the ca[]ses on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936); *In re Church of Jesus Christ of Latter-Days Saints Tithing Litig.*, 2024 U.S. Dist. LEXIS 178634, at *9 ("Tenth Circuit precedent is clear that the authority to stay discovery lies within the court's discretion to manage discovery and its docket." (collecting cases)). Moreover, "[w]hen a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved." *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999).

Courts in the Tenth Circuit "routinely grant motions to stay discovery" after considering five factors: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *In re Church of Jesus Christ of Latter-Day Saints Tithing Litig.*, 2024 U.S. Dist. LEXIS 178634, at *9.

## ARGUMENT

As discussed below, all five relevant factors weigh in favor of staying discovery pending this Court's ruling on the Motion to Compel.

### A. Plaintiff will not suffer any prejudice

Granting the instant motion will not prejudice Plaintiff. Where, as here "a few months' delay to permit evaluation of [a motion] as this case begins will work only a comparatively small amount of harm to Plaintiffs." *In re Broiler Chicken Grower Litig.*, 2017 U.S. Dist. LEXIS 142069, at *14 (E.D. Okla. Sept. 1, 2017). Such a small harm does not weigh in favor of denying the motion to stay.

Further, during any stay of discovery, Money App's obligation to preserve discoverable documents and comply with any litigation hold will remain unchanged, and all discovery that is currently available will also be available once the Court rules on the Motion to Compel. Plaintiff will not be prejudiced by a stay. Indeed "a limited discovery stay is unlikely to be the cause of lost evidence, missing witnesses, or significantly faded memories," especially where "[the d]efendant[] is under an obligation to retain evidence[,] and [it] state[s] in [its] briefing that [it] ha[s] preservation holds in place." *Id.* at *15.

The first factor weighs in favor of granting Money App's motion.

### B. Forcing Money App to engage in discovery at this juncture will cause severe prejudice

On the other hand, forcing the parties to proceed with discovery will severely prejudice Money App. The parties agreed to arbitrate any dispute arising from the TOS and both parties have a right to enforce that agreement, including as it relates to discovery. *See Matria Healthcare, LLC v. Duthie*, 584 F. Supp. 2d 1078, 1082 n.5 (N.D. Ill. 2008) ("the absence of protracted discovery—the bane of modern litigation[]—is viewed as perhaps the most important of the advantages arbitrations enjoy over litigation in state or federal courts" (citations omitted)). If Money App is

4

forced to proceed with discovery before the Court rules on the Motion to Compel, it will incur significant costs and time on matters that may not ultimately be decided by this Court. *See In re Church of Jesus Christ of Latter-Day Saints Tithing Litig.*, 2024 U.S. Dist. LEXIS 178634, at *11 ("If the case proceeds to discovery, the costs and time Defendants commit to their discovery responses will be significant.").

In addition, granting the instant motion and staying discovery will allow this Court to determine the proper forum for the parties' dispute without incurring needless expense. *See In re CenturyLink Sales Pracs. & Secs. Litig.*, 2018 U.S. Dist. LEXIS 77426, at *6 (D. Minn. May 8, 2018) ("If the claims are subject to arbitration, Plaintiff[] will not be prejudiced by being barred from taking discovery to which [he is] not contractually entitled. If the claims are not subject to arbitration . . . a brief delay in . . . discovery to determine what discovery is appropriate is not prejudicial." (citation omitted)). And because one or both of Plaintiff's claim may be compelled to arbitration, any discovery taken prior to a ruling on the Motion to Compel will be "undertaken with uncertainty as to whether all, some, or no . . . claims will remain in this case." *In re Broiler Chicken Grower Litig.*, 2017 U.S. Dist. LEXIS 142069, at *16).

The second factor also weighs in favor of granting Money App's motion

## C. A stay is convenient for the Court

Third, a stay of discovery pending a ruling on the Motion to Compel is convenient for the Court. Should the Court grant the Motion to Compel, this case will be heard in arbitration and any additional time or resources expended on this matter will be for naught. Indeed, granting Money App's request for a stay of discovery will preserve limited court resources and promote judicial economy by avoiding piecemeal litigation. *See Dirtt Env't Sols., Inc. v. Henderson*, 2021 U.S. Dist. LEXIS 159259, at *5 (D. Utah Aug. 23, 2021) ("Avoiding costly and duplicative piecemeal litigation is a hallmark of judicial economy and thus supports a stay."). When a district court "may

5

conserve judicial resources by waiting until the court resolves threshold issues before becoming mired in possible discovery disputes," this factor weighs in favor of staying discovery.[1] *In re Broiler Chicken Grower Litig.*, 2017 U.S. Dist. LEXIS 142069, at \*18.

Moreover, there are currently seven cases pending in the First, Second, and Ninth Circuit Courts of Appeal involving similar challenges to EWA products. As such, a stay of discovery will allow for the possible resolution of these appeals and provide this Court, the arbitrator, and the

---

[1]    Courts in the Tenth Circuit frequently stay discovery while a motion to compel arbitration is pending. *See, e.g.*, *Fucci v. Bowser*, 2022 U.S. Dist. LEXIS 98680, at \*3 (D. Utah June 1, 2022) ("a stay advances judicial economy by preventing the litigation of issues which may be moot if the dispute is subject to arbitration" and that a "stay will allow the parties and the court to conserve resources."); *Waltrip v. Pilot Travel Ctrs. LLC*, 2021 U.S. Dist. LEXIS 239175, at \*5 (D.N.M. Dec. 14, 2021) ("Accordingly, if discovery in this matter is stayed pending resolution of the Motion to Compel Arbitration, the parties will not unnecessarily expend time and resources litigating pursuant to a discovery plan that may ultimately be set aside in favor of the discovery process outlined in the arbitration agreements or established by an arbitrator."); *Shirk v. Gonzales*, 2018 U.S. Dist. LEXIS 250125, at \*5 (D.N.M. Mar. 5, 2018) ("Thus, if discovery in this matter is stayed pending resolution of the motion to compel, neither the Court nor the parties will unnecessarily expend time and resources implementing a discovery plan that may ultimately be set aside in favor of the discovery process outlined in the DRP or established by an arbitrator."); *Max Software, Inc. v. Comp. Assocs. Int'l.*, 364 F.Supp.2d 1233, 1236–38 (D. Colo. 2005) (staying discovery pending a motion to dismiss and to compel arbitration); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F.Supp.2d 1277, 1280 (D. Colo. 2004) ("the interests of judicial economy would be advanced by staying discovery in this action pending a decision on" the defendant's motion to dismiss or, in the alternative, compel arbitration); *Roadbuilders Mach. Supply Co. v. Sennebogen, Inc.*, 2012 U.S. Dist. LEXIS 51905, at \*5 (D. Kan. Apr. 13, 2012) ("Despite this District's general policy of not staying discovery while a dispositive motion is pending, this Court finds that protecting the resources of the parties and the judiciary outweighs Plaintiffs' interest in beginning discovery before the resolution of Defendant's Motion to Dismiss or Stay and Compel Arbitration.").

And at least two courts in the Ninth Circuit have stayed discovery in cases involving the same claims at issue here—challenges to EWA products based on alleged violations of the Truth in Lending Act, 16 U.S.C. § 1638, *et seq.* ("TILA"), and the Military Lending Act, 10 U.S.C. § 987, *et seq.* ("MLA"). *See Moss v. Cleo AI Inc.*, No. C25-879-MLP, Dkt. No. 44 (W.D. Wash. Aug. 20, 2025) (attached here as Exhibit 1); *Russell v. Dave Inc.*, No. 2:25-cv-04029-MRA-MBK, Dkt. No. 48 (C.D. Cal. Sept. 3, 2025) (attached here as Exhibit 2).

parties with additional clarity on the complex issues central to this case. *See Cupat v. Palantir Techs., Inc.*, 2023 U.S. Dist. LEXIS 47727, at *14–15 (D. Colo. Mar. 21, 2023) ("it would be—as Defendants contend—a waste of both parties' 'time and money' to litigate [an issue] only to have to do it all again because the parties and the Court were proceeding under a legal framework that the Supreme Court may determine does not apply at all" (citations and internal quotations marks omitted)); *see also Wakaya Perfection, LLC v. Youngevity Int'l, Inc*., 2019 U.S. Dist. LEXIS 33062, at *4–5 (D. Utah Feb. 28, 2019) (noting how appeal in Ninth Circuit "will impact what issues remain for trial" and "[t]o step in at this point would not promote judicial economy and would risk possible inconsistent results between the two proceedings").

The appeals currently pending are:

1. *Moss v. Cleo AI Inc.*, No. 25-2586 (9th Cir. Sept. 17, 2025)

2. *Vickery v. Empower Finance, Inc.*, No. 25-6377 (9th Cir. Oct. 9, 2025)

3. *Revell v. Grant Money, LLC*, No. 25-7035 (9th Cir. Dec. 19, 2025)

4. *Russell v. Dave Inc.*, No. 26-0012 (9th Cir. Jan. 2, 2026)

5. *Burrison v. FloatMe, Corp.*, No. 26-1256 (2d Cir. Mar. 17, 2026)

6. *Lowe v. MoneyLion Techs. Inc.*, No. 26-655 (2d Cir. Mar. 17, 2026)

7. *Feeman v. Bridge It., Inc.*, No. 26-959 (2d Cir. Apr. 14, 2026)

The third factor weighs in favor of staying discovery.

**D. Staying discovery will not impact non-parties**

Staying discovery will not negatively impact non-parties to the litigation. If anything, a stay of discovery will benefit any non-party subpoena recipients by potentially allowing them to avoid "[t]he burden and expense" of responding, meaning that this factor, too, "weighs in favor of a limited discovery stay." *In re Broiler Chicken Grower Litig.*, 2017 U.S. Dist. LEXIS 142069, at *19; *In re Church of Jesus Crist of Latter-Day Saints Tithing Litig.*, 2024 U.S. Dist. LEXIS

178634, at *12 ("[T]he general public's primary interest in this case is an efficient and just resolution. Avoiding potentially wasteful efforts by the court and the litigants serves that purpose." (alteration incorporated) (citation and internal quotation marks omitted)).

### E. Staying discovery serves the public interest

Finally, granting the instant motion will serve the public interest by "[a]voiding potentially wasteful efforts by the court and the litigants" in proceeding with discovery in litigation that may not be heard in this Court. *Id.* at *12.

### CONCLUSION

For the foregoing reasons, this Court should stay discovery in this matter pending resolution of the Motion to Compel.

Dated: April 17, 2026                              Respectfully submitted,

                                                   */s/ Jenny N. Perkins*
                                                   Daniel J.T. McKenna, *pro hac vice*
                                                   Jenny N. Perkins, *pro hac vice*
                                                   Steven D. Burt, Esq.
                                                   Robert T. Lieber, *pro hac vice*
                                                   J. Chesley Burruss, *pro hac vice*
                                                   BALLARD SPAHR LLP
                                                   *Attorney for Defendant Prog Services, Inc.*
                                                   *d/b/a Money App*

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct of copy of the foregoing MOTION FOR STAY OF

DISCOVERY was served to the following this 17th day of April 2026, in the manners set forth

below:

[ X ] Through the CM/ECF System for the U.S. District Court

[ ] Hand Delivery

[ ] U.S. Mail, postage prepaid

[ ] E-mail:    Ilowther@cbplaw.com; cbrown@cbplaw.com; rpulliam@cbplaw.com;
joshua@jacobsonphillips.com; jscott@aklawfirm.com


Jared D. Scott
ANDERSON & KARRENBERG
50 West Broadway, Suite 600
Salt Lake City, Utah 84101-2035
*Attorney for Plaintiff*

Lee Lowther
Courtney Brown
Randall K. Pulliam
CARNEY BATES & PULLIAM, PLLC
One Allied Drive, Suite 1400
Little Rock, AR 72207

Joshua Jacobson
JACOBSON PHILLIPS, PLLC
2277 Lee Road, Ste. B
Winter Park, FL 32789



*/s/ Jenny N. Perkins*

9