**JACOBSON PHILLIPS PLLC**
Joshua R. Jacobson
Jacob L. Phillips
2277 Lee Rd, Suite B
Winter Park, FL 32789
Phone: (321) 447-6461
joshua@jacobsonphillips.com
jacob@jacobsonphillips.com

**CARNEY BATES & PULLIAM**
Randall K. Pulliam
Edwin L. Lowther
Courtney R. Brown
Connor Thompson

One Allied Dr Ste 1400
Little Rock, AR 72202
Phone: (501) 312-8500
Rpulliam@cbplaw.com
Llowther@cbplaw.com
Cbrown@cbplaw.com
Cthompson@cbplaw.com

**ANDERSON & KARRENBERG**
Jared D. Scott
50 W Broadway Ste 600
Salt Lake City, UT 84101
Phone: 801-534-1700
Jscott@aklawfirm.com
*Attorneys for Plaintiff and the putative Class*

# THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **STERLING KELLY, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br>**v.**<br><br>**PROG SERVICES, INC d/b/a MONEY APP,**<br><br>**Defendant.** | **PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>**Case No. 2:25-cv-01026-DBP**<br><br>**District Judge Ted Stewart**<br>**Magistrate Judge Dustin B. Pead** |

## I.    BACKGROUND

On January 9, 2026, Plaintiff served document requests and interrogatories, diligently pursuing the discovery needed to carry his burden under Rule 23.

On January 26, 2026, the parties filed their Joint Motion for Scheduling Conference Under FRCP 26(f). ECF No. 36. Defendant requested to stay discovery pending resolution of its forthcoming Motion to Compel Arbitration, or, alternatively, Motion to Enforce Class Action Waiver. *Id.* at 2, 12. Plaintiff opposed. *Id.*

1

On February 5, 2026, the Court entered an Order and Scheduling Order wherein the Court held it was "not persuaded at this time that a stay of discovery is warranted" and denied the stay request. ECF No. 38 at 2. Plaintiff's Motion for Class Certification is due August 26, 2026, and discovery closes October 16, 2026. *Id.* at 4–5.

On March 6, 2026, Defendant responded to Plaintiff's document requests (Exhibit 1) and interrogatories. In its RFP responses, Defendant lodged 178 specific objections and 16 "general objections," and promised to produce documents responsive to six Requests. Ex. 1.

On March 9, 2026, Plaintiff's counsel requested to confer regarding Defendant's deficient discovery responses. ECF No. 44 at PageID.392. On March 19, 2026, parties conferred via videoconference regarding Defendant's objections and responses, after which Plaintiff sent Defendant a thirteen-page letter summarizing the results. ECF No. 44, PageID.385. Between March 27 and April 13, Defendant repeatedly promised Plaintiff it would shortly provide updated positions on the discovery disputes. *Id.* at PageID.380–85.

Instead, after serving prolix discovery objections and responses and conferring for more than a month, Defendant renewed its stay request by filing its Motion for Stay of Discovery. ECF No. 41. Plaintiff opposed and Defendant replied. ECF Nos. 43, 46.

Since filing its Motion for Stay of Discovery, Defendant has refused to engage in discovery. Defendant's refusal is improper.

## II.    ARGUMENT

"It is axiomatic that the act of filing of a motion to stay does not itself impose a stay. A party is not entitled to grant itself such relief." *Nelsen v. Konami Gaming, Inc.*, No. 2:17-cv-02248-APG-NJK, 2017 U.S. Dist. LEXIS 203509, at *2 (D. Nev. Dec. 11, 2017). "Simple logic teaches that …, unless and until it is granted a stay, [a party] should be required to conduct discovery as if

2

no motion had been filed at all." *Apple v. Eastman Kodak Co.*, No. CV 10-04145, 2011 U.S. Dist. LEXIS 11528, 2011 WL 334669, at *2 (N.D. Cal. Feb. 1, 2011).

Because discovery is not stayed, and the Court has expressly denied Defendant's first request for a stay (ECF No. 38 at 2), Defendant should be compelled to participate in discovery and supplement its deficient responses. *See Nelsen*, 2017 U.S. Dist. LEXIS 203509, at *2. By unilaterally declining to participate in discovery, Defendant is precluding Plaintiff from obtaining the evidence needed to sustain his burden at class certification, due on August 26, 2026. ECF No. 38, at 5.

## III.   CONCLUSION

Accordingly, Plaintiff requests an Order overruling Defendant's discovery objections and compelling Defendant to supplement its discovery responses.

### DUCivR 37-1 Certification

The Undersigned certifies that Plaintiff made good faith efforts to reach agreement on the disputed matters through the following efforts: (1) sending a March 9, 2026, email stating Defendant's discovery deficiencies, (2) meeting and conferring via videoconference on April 19, 2026, to discuss Defendant's discovery deficiencies, attended by: for Plaintiffs, Joshua Jacobson, Courtney Brown, Randy Pulliam; and for Defendant, Chesley Burress, Steven Burt, and Jenny Perkins; (3) following up via email to request Defendant's discovery position on March 23, April 13, and April 16, 2026; and (4) on June 15, 2026, Plaintiff requested Defendant supplement its discovery positions, to which Defendant replied that it would not engage in discovery at this time and, specifically, that it would "reassess the status of discovery and whether any additional documents should be produced" after the Court ruled on its renewed Motion to Stay.

Dated:  June 17, 2026                    Respectfully submitted,

*/s/Joshua R. Jacobson*
Joshua Jacobson (*pro hac vice*)
**JACOBSON PHILLIPS, PLLC**
2277 Lee Road, Ste. B
Winter Park, FL 32789
Phone: (321) 447-6461
Email: joshua@jacobsonphillips.com

Randall K. Pulliam (*pro hac vice*)
Lee Lowther (*pro hac vice*)
Courtney Ross Brown (*pro hac vice*)
**CARNEY BATES & PULLIAM, PLLC**
One Allied Drive, Suite 1400
Little Rock, AR 72207
Phone: (501) 312-8500
Email: rpulliam@cbplaw.com
Email: llowther@cbplaw.com
Email: cbrown@cbplaw.com

Bart Dalton (TX Bar Number: 24043418)
Katarzyna Brozynski (TX Bar Number: 24036277)
**BROZYNSKI & DALTON PC**
5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
Tel: +1 (972) 371-0679
Email: bart@bdlegalgroup.com

*Attorneys for Plaintiff*