THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| STERLING KELLY, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>PROG SERVICES, INC. d/b/a MONEY APP,<br><br>               Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:25-cv-01026-TS-DBP<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Dustin B. Pead |

Before the court are two motions.[1] First, Defendant's Motion to Stay,[2] which seeks a stay of discovery pending resolution of its Motion to Compel Arbitration of Plaintiff's Individual Claims or, in the alternative, Enforce Class Action Wavier (Motion to Compel Arbitration). Second, Plaintiff moves the court to compel discovery in an Amended Motion to Compel Discovery.[3] As set forth herein, the court grants a stay of discovery and denies the motion to compel.

## BACKGROUND

This is a putative class action brought by Plaintiff that seeks to "protect active-duty military servicemembers from Money App's predatory lending practices that violate the Military Lending Act, 10 U.S.C. §987, et seq. ("MLA") and the Truth in Lending Act, 15 U.S.C. § 1638 ("TILA")."[4] Near the outset of this case the court considered the parties' disagreements

---

[1] This matter is referred to the undersigned pursuant to 28 U.S.C. § (b)(1)(A) from Judge Ted Stewart for consideration of non-dispositive matters.

[2] Defendant's Motion Stay, ECF No. 41.

[3] Amended Motion to Compel Discovery, ECF No. 53.

[4] Complaint at 1, ECF No. 1-1.

regarding scheduling.[5] Among those disagreements was whether discovery would be stayed until the court ruled on a forthcoming motion to compel arbitration. In denying that request, the court reasoned it was not "persuaded at this time that a stay of discovery is warranted."[6] Defendant subsequently filed the Motion to Compel Arbitration.[7] That Motion remains pending before the court. Defendant now seeks to stay discovery pending resolution of that Motion.

On June 17, 2026, Plaintiff filed a Motion to Compel Discovery that the court denied because Plaintiff failed to comply with the Local Rules and provided none of the disputed discovery requests.[8] The following day, Plaintiff filed the currently pending Amended Motion to Compel attaching the disputed discovery requests.[9] The court considers each of the motions in turn.

## DISCUSSION

### I. Motion to Stay

As noted previously, "District courts 'have broad discretion in deciding whether to issue a stay of discovery'"[10] The movant seeking a stay "must make a strong showing of necessity because the relief would severely affect the rights of others."[11] Thus, "[t]he party seeking a stay generally faces a difficult burden."[12]

---

[5] Order and Scheduling Order, ECF No. 38.

[6] *Id.* at 2.

[7] Motion to Compel Arbitration or in the alternative, Motion to Enforce Class Action Waiver, ECF No. 39.

[8] Memorandum Decision and Order, ECF No. 52.

[9] Amended Motion to Compel Discovery, ECF No. 53.

[10] *Classic Aviation Holdings LLC v. Harrower*, 2021 WL 633587, at *2 (D. Utah Feb. 18, 2021) (quoting *White Knuckle, IP, LLC v. Elec. Arts Inc.*, No. 1:15-CV-00036-DN-BCW, 2015 WL 5022579, at *1 (D. Utah Aug. 24, 2015) (citation modified).

[11] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484, 1983 WL 995143 (10th Cir. 1983).

[12] *White Knuckle*, 2015 WL 5022579, at *1 (citation modified).

As a threshold matter, the court considers whether its prior denial of Defendant's request for a stay of discovery precludes consideration of the instant motion. The court finds it does not. The prior denial was "at this time" as there was no pending motion to compel arbitration, and it was uncertain based on the court's experience whether such a motion would be filed. The court is not persuaded by Plaintiff's argument that nothing has changed since the prior denial to warrant either consideration of the Motion to Stay or a different result.

Defendant's Motion asserts a stay of discovery is warranted here, arguing the following factors that Tenth Circuit district courts apply weigh in favor of a stay. These factors are "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."[13]

These "guiding principles" here overall weigh in favor of staying discovery until the court resolves Defendant's Motion to Compel Arbitration. First, the court finds that a stay will impact Plaintiff's class certification motion with an August 26, 2026, deadline and the close of fact discovery following thereafter. This could prejudice Plaintiff. However, the court finds that this prejudice will be minimal if those deadlines are moved. Moving those deadlines is warranted here given the large number of potential plaintiffs, the nature of the requested discovery, and the impact the Motion to Compel Arbitration may have on streamlining this case. "A short delay is

---

[13] *In re Church of Jesus Christ of Latter-Day Saints Tithing Litig.*, No. 2:24-MD-03102-RJS-DAO, 2024 WL 4349160, at *2 (D. Utah Sept. 30, 2024) (quoting *String Cheese Incident, LLC, v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)). *See also Adv. Exterior, Inc. v. Liberty Mut. Grp., Inc.*, 568 F.Supp.3d 1144, 1146 (D. Colo. Oct. 19, 2021); *Fuller v. Salt Lake City*, No. 2:21-cv-00593-HCN-DBP, 2023 WL 3589063, at *2 (D. Utah May 22, 2023); *Martin v. SGT Inc.*, No. 2:19-CV-00289, 2019 WL 12043488, at *1 (D. Utah Aug. 21, 2019); *Mestas v. CHW Grp. Inc.*, No. CV 19-792 MV/CG, 2019 WL 5549913, at *1 (D.N.M Oct. 28, 2019); *Craig PC Sales & Servs., LLC v. CDW Gov't, LLC*, No. CIV-17-003-F, 2018 WL 4868958, at *1–2 (W.D. Okla. June 12, 2018).

especially non-concerning 'in view of the lengthy time this case has been percolating and will take to litigate.'"[14]

Second, after considering Plaintiff's discovery requests that seek information such as "all user-level data" without date limitations, "all documents reflecting, summarizing, or analyzing the total amount of money received by Money App from borrower customers", and other requests seeking extremely broad discovery, the court finds that the burden on Defendant weighs in favor of a stay. Forcing Defendant to engage in large swaths of discovery that may be negated by its Motion to Compel Arbitration warrants a stay.

The third factor weighs heavily in favor of a stay. Considering large discovery disputes that may be mooted by a pending motion is a senseless use of the court's resources and creates inconvenience.

The fourth factor appears neutral at this time as there have not been any third-party subpoenas issued thus far. The final factor, the public interest, slightly favors denying Defendant's Motion as there may be some members of the public harmed from the alleged predatory lending practices. However, those parties may seek recovery by joining this case at a future date, and they benefit from certainty surrounding the arbitration issue before moving forward. Thus, this factor does not weigh heavily enough in Plaintiff's favor to deny Defendant's Motion.

In sum, the court concludes a stay of discovery is warranted here.

---

[14] *In re Church of Jesus Christ of Latter-Day Saints Tithing Litig.*, 2024 WL 4349160, at *3 (quoting *In re Broiler Chicken Grower Litig.*, No. 6:17-CV-00033-RJS, 2017 WL 3841912, at *4 (E.D. Okla. Sept. 1, 2017)).

## II.    Amended Motion to Compel

In contrast to its first Motion to Compel, Plaintiff's Amended Motion to Compel properly attaches the disputed discovery requests. The court has reviewed those requests and finds many of them to be overbroad as they lack any date restrictions tied to this case. Moreover, Plaintiff's Motion offers little to no argument as to why certain discovery requests are deficient. Broad generalizations that a party should supplement all discovery responses are insufficient. Nonetheless, the court denies the Motion as discovery is stayed pending resolution of the Motion to Compel Arbitration.

### CONCLUSION

For the foregoing reasons, the court GRANTS Defendant's Motion to Stay[15] and DENIES Plaintiff's Amended Motion to Compel.[16]

IT IS SO ORDERED.

DATED this 16 July 2026.

_____
Dustin B. Pead
United States Magistrate Judge

---

[15] ECF No. 41.

[16] ECF No. 53.